**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons, | ) | |
| Plaintiff, | ) | Civil Action No.: 3:14 cv 405 |
| v. | ) | **CLASS ACTION** |
| BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., BOEHRINGER CORPORATION, MEDICA, INC. and JOHN DOES 1-10, | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR CLASS CERTIFICATION AND FOR A TEMPORARY STAY OF FURTHER PROCEEDINGS ON THAT MOTION**

**TABLE OF CONTENTS**

INTRODUCTION ....................................................................................................................1

STATEMENT OF FACTS ......................................................................................................2

ARGUMENT ..........................................................................................................................3

I. BY TAKING THIS MOTION UNDER SUBMISSION, THIS COURT WILL AVOID HAVING TO RESOLVE AN INTER-CIRCUIT CONFLICT ON WHETHER A DEFENDANT'S RULE 68 OFFER OF FULL RELIEF ON A PLAINTIFF'S INDIVIDUAL CLAIMS MOOTS FURTHER PROCEEDINGS ON THE PLAINTIFF'S CLASS CLAIMS ................................3

II. THIS COURT SHOULD STAY FURTHER ACTIVITY ON THIS MOTION UNTIL THE DEADLINE THE COURT SETS IN ITS SCHEDULING ORDER FOR COMPLETING DISCOVERY........................................................5

CONCLUSION........................................................................................................................6

**TABLE OF AUTHORITIES**

**Cases**

*Chateau de Ville Productions, Inc. v. Tams-Witmark Music Library, Inc.*, 586 F.2d 962 (2d Cir. 1978) .......... 5

*Clark v. Sprint Spectrum L.P.*, 2011 WL 835487 (C.D. Cal. 2011) .......... 5

*Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011) .......... passim

*Daniels v. Amerco*, 1982 WL 1856 (S.D.N.Y. 1982) .......... 5

*Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239 (10th Cir. 2011) .......... 1, 3

*Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011) .......... 1, 3

*Sandoz v. Cingular Wireless LLC*, 553 F.3d 913 (5th Cir. 2008) .......... 1, 3

*Weiss v. Regal Collections*, 385 F.3d 337 (3rd Cir. 2004) .......... 1, 3

**Federal Rules**

Federal Rules of Civil Procedure Rule 23 .......... 4

Federal Rules of Civil Procedure Rule 16 .......... 5

Federal Rules of Civil Procedure Rule 68 .......... 1, 3, 4

## INTRODUCTION

Plaintiff Physicians Healthsource, Inc. has brought this action against Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Corporation, Medica, Inc. and John Does 1-10 (collectively, "Defendants") for sending fax advertisements to Plaintiffs and others across the United States in violation of the federal Telephone Consumer Protection Act (the "TCPA"). Plaintiff is making this class certification motion at this early juncture for a prophylactic purpose: to avoid any controversy that might arise if Defendants were to make an offer of judgment pursuant to Federal Rule of Procedure 68 for the full amount Plaintiff has demanded on its individual claims prior to Plaintiff filing this class certification motion.

On the one hand, the Third, Fifth, Ninth and Tenth Circuits have ruled that after a defendant has made an offer of relief to the named plaintiff for the full amount of those plaintiff's individual claims in a yet-to-be-certified class action, the rest of the case will *not* be rendered moot, and the plaintiffs may subsequently move for class certification (so long as they do so without undue delay). *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091-92 (9th Cir. 2011); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249-50 (10th Cir. 2011); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 920-21 (5th Cir. 2008); *Weiss v. Regal Collections*, 385 F.3d 337, 348 (3rd Cir. 2004). Plaintiff believes that this is the better reasoned line of precedent, consistent with the purposes of the class action procedures set forth in Rule 23 of the Federal Rules of Civil Procedure.

On the other hand, the Seventh Circuit ruled in *Damasco v. Clearwire Corp.*, 662 F.3d 891, 894-97 (7th Cir. 2011), that a pre-certification motion offer of full individual relief to named plaintiff does moot the remaining class action portion of a case. In partial justification of its ruling, the Seventh Circuit reasoned that if the plaintiff had filed a motion for class certification at the beginning of the litigation, before the defendant had made such an offer of complete relief, the

case would not have been rendered moot, and the plaintiff would have been able to pursue class relief. *Id.* at 896. The Seventh Circuit further reasoned that "[i]f the parties have yet to fully develop the facts needed for certification, then they can further ask the district court to delay its ruling to provide time for additional discovery or investigation." *Id.*

To avoid requiring this Court to take sides in this inter-circuit conflict — on which the Second Circuit has yet to rule — and to avoid the adverse effects of *Damasco* in case this Court were to follow it, Plaintiff is following the preemptive procedure invited by the Seventh Circuit in *Damasco*: filing an early class certification motion accompanied by a request to delay ruling on that motion until after the parties have been able to conduct appropriate discovery. By so doing, Plaintiff is preserving its ability to obtain this Court's determination on whether Plaintiff's proposed classes should be certified irrespective of which of the two conflicting lines of federal precedent were to apply in this case. Not only does *Damasco* provide this Court with authority to grant this motion, but well settled caselaw in this Circuit, as elsewhere, authorizes the Court to defer consideration of a class certification motion to enable the parties to conduct discovery, and indeed holds that failure to enable the parties to do so may constitute an abuse of discretion.

As demonstrated below, should this Court desire to permit the parties to conduct discovery into class certification issues before deciding this motion – which Plaintiff believes is the best course of action – this Court should defer any further activity on this motion until after the discovery cutoff date to be set in the Court's upcoming Rule 26 scheduling order.

## STATEMENT OF FACTS

Plaintiff is an Ohio corporation. Comp. ¶ 8. On or about April 6, 2010, Defendants caused a fax without proper opt-out notice to be sent to Plaintiffs' fax machine. Comp. ¶¶ 13, 32. Plaintiff filed its Complaint in this action on March 30, 2014, alleging violation of the TCPA.

Plaintiff has defined the Class as follows:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) which did not display an opt-out notice compliant with 47 C.F.R. 64.1200.

**ARGUMENT**

**I. BY TAKING THIS MOTION UNDER SUBMISSION, THIS COURT WILL AVOID HAVING TO RESOLVE AN INTER-CIRCUIT CONFLICT ON WHETHER A DEFENDANT'S RULE 68 OFFER OF FULL RELIEF ON A PLAINTIFF'S INDIVIDUAL CLAIMS MOOTS FURTHER PROCEEDINGS ON THE PLAINTIFF'S CLASS CLAIMS**

As outlined above, four Circuits have ruled that if a defendant makes an offer of judgment for the full amount of a plaintiff's individual claims, such an offer will not render the plaintiff's remaining class claims in a litigation moot, and hence the plaintiff may continue to pursue certification. *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091-92 (9th Cir. 2011) (". . . an unaccepted Rule 68 offer of judgment—for the full amount of the named plaintiff's individual claim and made before the named plaintiff files a motion for class certification—does not moot a class action"); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249-50 (10th Cir. 2011) ("the federal court's Article III jurisdiction to hear the motion for class certification is not extinguished by the Rule 68 offer of judgment to an individual plaintiff"); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 921 (5th Cir. 2008) ("If the court ultimately grants the motion to certify, then the Rule 68 offer to the individual plaintiff would not fully satisfy the claims of everyone in the collective action; if the court denies the motion to certify, then the Rule 68 offer of judgment renders the individual plaintiff's claims moot"); *Weiss v. Regal Collections*, 385 F.3d 337, 348 (3rd Cir. 2004) ("Absent undue delay in filing a motion for class certification, therefore, where a defendant makes a Rule 68 offer to an individual claim that has the effect of mooting

possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the class complaint"). If the Second Circuit, which has yet to rule on the matter, were to deem this precedent applicable here, Plaintiffs would not face any potential obstacles to certifying any classes under Rule 23 resulting from any Rule 68 offer of judgment made by Defendants.

The Seventh Circuit, however, has ruled just the opposite: ". . . a plaintiff cannot avoid mootness by moving for class certification after receiving an offer of full relief." *Damasco v. Clearwire Corp.*, 662 F.3d 891, 895 (7th Cir. 2011) (citation omitted). Nevertheless, the *Damasco* court explicitly stated that class plaintiffs could avoid any mootness problems resulting from an offer of judgment by making a class certification motion at the inception of a class action litigation, and further stated that the plaintiffs could ask the district court to delay ruling on the motion so the parties may conduct discovery:

> A simple solution to the buy-off problem that Damasco identifies is available, and it does not require us to forge a new rule that runs afoul of Article III: Class-action plaintiffs can move to certify the class at the same time that they file their complaint. . . . If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.

662 F.3d at 896.[1]

Plaintiff believes that the better reasoned caselaw, consistent with the purposes of Rule 23, is the first line of precedent discussed above, pursuant to which Plaintiff would be entitled to make its class certification motion after Defendants make any offer of judgment. Nevertheless, to avoid any problems that might arise if this Court or the Second Circuit were to follow *Damasco*,

[1] While the U.S. Supreme Court has not ruled on this issue, the Supreme Court's recent decision in *Genesis Healthcare Corp. v. Stmczyk*, -- U.S. --, 133 S. Ct. 1523, 1532 (2013), is an additional reason for Plaintiff's concern. In *Genesis Healthcare*, the Court that ruled that a collective action under the Fair Labor Standards Act was no longer justiciable, after the Court assumed, without deciding, that that an offer of individual judgment pursuant to Rule 68 to the plaintiff mooted the plaintiff's individual claims.

Plaintiff is simply following the lead of *Damasco* by making this motion at this early juncture. By so doing, Plaintiff is preserving its ability to obtain this Court's ruling on their class certification motion under either line of caselaw.

## II. THIS COURT SHOULD STAY FURTHER ACTIVITY ON THIS MOTION UNTIL THE DEADLINE THE COURT SETS IN ITS SCHEDULING ORDER FOR COMPLETING DISCOVERY

As demonstrated in the section of this memorandum that immediately follows, Plaintiff believes it has sufficient proof to justify certifying the classes they have identified. Nevertheless, Plaintiff believes the best course of action at this early juncture would be for this Court to delay ruling on this motion until both sides have had sufficient time to conduct additional discovery and investigation into the various issues that will inform the Court's class certification determination.

Not only does *Damasco* authorize this Court to defer ruling on this motion, but well settled law of the Second Circuit and other Circuits authorizes, and typically requires, a district court to permit parties to conduct discovery *before* determining a class certification motion. *E.g., Chateau de Ville Productions, Inc. v. Tams-Witmark Music Library, Inc.*, 586 F.2d 962, 966 (2d Cir. 1978) ("[A trial] court should defer decision on certification pending discovery if the existing record is inadequate . . . . Failure to allow discovery, where there are substantial factual issues relevant to certification of the class, makes it impossible for the party seeking discovery to make an adequate presentation either in its memoranda of law or at the hearing on the motion if one is held."); *Daniels v. Amerco*, 1982 WL 1856, *1 (S.D.N.Y. 1982) (staying ruling on pending class certification motion because the parties needed discovery to develop a full record upon which the court could make class certification ruling); *Clark v. Sprint Spectrum L.P.*, 2011 WL 835487, *2 (C.D. Cal. 2011) (granting motion for extension to file class certification motion where "discovery is in the early stages and the Rule 16 scheduling conference has not yet occurred. . .");

3 Newberg on Class Actions § 7:16 (4th Ed.) ("Apart from the disposition of various motions, class rulings are often deferred pending certain events such as discovery on class issues. . . .").

In this case, permitting the parties to conduct discovery would serve the salutary purpose of enabling them to develop proof regarding such matters as the actual number of persons to whom Defendants sent faxes throughout the United States (relevant to Classes A and B), as well as regarding the numbers of faxes sent to such groups of persons. In addition, discovery would reveal whether, and to what extent, any fax recipients may have consented to receiving Defendants' fax advertisements (relevant to proposed Class B). Further, discovery should confirm the universe of content on Defendants' fax advertisements, including the content of the opt-out notices Defendants used on those faxes. These types of information are typically in the hands of Defendants or their agents in junk fax cases, and hence are fully appropriate for class discovery. Accordingly, this Court has legal authority and good cause to defer further consideration of this class certification motion until after the parties have had an adequate time to conduct discovery in this action.

**CONCLUSION**

For all the foregoing reasons, Plaintiff respectfully requests that this Court take this motion under submission, and stay any further activity on this motion until after the discovery cutoff date it sets in its scheduling order and after the parties can file papers informed by their discovery on this motion.

Respectfully submitted,

PHYSICIANS HEALTHSOURCE, INC.,
individually and as the representative of a class of similarly-situated persons

By: /s/Aytan Y. Bellin
Aytan Y. Bellin ct28454
**BELLIN & ASSOCIATES LLC**
85 Miles Avenue
White Plaines, NY  10606
Phone: 914-358-5345
Fax:  212-571-0284
Aytan.Bellin@bellinlaw.com

Brian J. Wanca
Ryan M. Kelly
*(motions for admission pro hac vice to this Court to be filed shortly)*
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone:  847-368-1500
Fax:  847-368-1501
bwanca@andersonwanca.com