UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., | : CIVIL ACTION NO.: |
| *Plaintiff,* | : 3:14-cv-00405-SRU |
| VS. | : |
| BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., et al., | : |
| *Defendants.* | : May 22, 2014 |

### OBJECTION OF THE BOEHRINGER DEFENDANTS TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND FOR A TEMPORARY STAY OF FURTHER PROCEEDINGS ON THAT MOTION

Defendants Boehringer Ingelheim Pharmaceuticals, Inc. ("Boehringer") and Boehringer Ingelheim Corporation (collectively, the "Boehringer Defendants") respectfully submit this objection to Plaintiff's Motion for Class Certification and for a Temporary Stay of Further Proceedings on That Portion [sic Motion].

### INTRODUCTION

Plaintiff brings this putative class action based on a single fax allegedly sent by Boehringer to the plaintiff in April 2010 which, plaintiff alleges, violates the federal Telephone Consumer Protection Act ("TCPA"). Plaintiff seeks to represent a class comprised of all persons who within four years of the filing of the action "were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendants," and did not display a proper opt-out notice. (Compl. ¶ 20.)

The Boehringer Defendants have today filed a motion to dismiss the Complaint in its entirety, on the ground that the fax does not constitute an "advertisement" within the meaning of the TCPA. As shown in that motion, the fax was purely informational and did not advertise the

"commercial availability or quality of any property, goods, or services." 47 U.S.C. § 227(a)(5); 47 C.F.R. § 64.1200(f)(1). If that motion is granted, plaintiff's motion for class certification will be moot.

Plaintiff states that it has filed the motion solely for procedural purposes and implicitly acknowledges that plaintiff has not satisfied the requirements for class certification set forth in Rule 23 of the Federal Rules of Civil Procedure. Because the motion is patently defective, however, there is no reason for a "Temporary Stay of Further Proceedings" or for "taking this motion under submission," as plaintiff requests. (Motion for Class Certification etc., at 1.) Rather, the motion should be denied, without prejudice to the plaintiff's ability to file a renewed motion for class certification if and when the Complaint survives the motion to dismiss and the parties have conducted limited discovery addressed to class certification issues.

## ARGUMENT

The class allegations are facially deficient for a number of reasons, including that the class is not readily ascertainable, that it is improperly defined as a "fail-safe" class, *i.e.*, whether a person qualifies as a class member depends on whether the person has a valid claim, that the allegations fail plausibly to allege commonality or typicality, and that questions affecting individual members predominate over the putative common questions of law and fact. A number of other courts have denied class certification without reference to any class discovery submitted by the parties, on the ground that the class could not be certified as a matter of law under the TCPA. *See, e.g., Conrad v. G.M. Acceptance Corp.*, 283 F.R.D. 326, 329-30 (N.D. Tex. 2012) (class certification denied on numerosity grounds and lack of predominance and cohesiveness; *Frickco Inc. v. Novi BRS Enters., Inc.*, No. 10-10626, 2011 U.S. Dist. LEXIS 56124, at *4-5 (E.D. Mich. May 25, 2011), *motion for reconsideration denied*, 2011 U.S. Dist. LEXIS 85516

(E.D. Mich. Aug. 3, 2011) (class certification denied because common issues did not predominate); *Hicks v. Client Servs., Inc.*, No. 07-61822-CIV, 2008 U.S. Dist. LEXIS 101129, at *20-21 (S.D. Fla. Dec. 10, 2008) (TCPA class not certified for lack of commonality and predominance).

In *Physicians Healthsource, Inc. v. Purdue Pharma, L.P.*, Case No. 3:12-cv-1208-SRU, Doc. 93 (D. Conn. Sep. 6, 2013), this Court denied a similar motion filed by the same plaintiff. As the Court explained:

> Class certification is appropriate "only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (internal quotation omitted). "The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met." *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010).
>
> Here, such "rigorous analysis is impracticable, at least on the current record, because the plaintiff filed its motion for class certification prior to discovery. . . .

*Id.*, slip op. at 2. Addressing the fact that plaintiff's motion was prompted by concern that an offer of judgment might otherwise render the action moot, the Court explained that, "even assuming, *arguendo*, that a putative complaint can be rendered moot by an unaccepted offer of judgment directed at the named plaintiff, and assuming further that the putative class can be saved by filing a place-holder motion for class certification at the earliest possible juncture, it does not follow that an initial, under-developed motion – like the one at bar – must linger on the docket while the court awaits the filing of a later, fully-developed motion following discovery." *Id.* at 3. The Court denied the motion without prejudice. *Id.* at 4.

Here, too, plaintiff makes no attempt to establish that each of Rule 23's requirements has been met and plaintiff admits that, as in *Purdue Pharma*, it filed the motion solely as a "prophylactic measure." (Mot. at 1.) As in *Purdue Pharma*, there is no reason to maintain this

deficient motion on the docket or, as plaintiff's Motion requests, to "stay . . . further proceedings" on the motion. Rather, the motion should be denied. Plaintiff will not be prejudiced by the denial, as an order denying certification may be altered or amended at any time before final judgment. Fed. R. Civ. P. 23(c)(1)(C); *see Purdue Pharma*, slip op., at 3.

## CONCLUSION

The Court should deny plaintiff's Motion for Class Certification and for a Temporary Stay of Further Proceedings, without prejudice to plaintiff's ability to file a renewed motion if the Complaint survives the pending motion to dismiss and following any necessary discovery addressed to certification issues.

DEFENDANTS,
BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC., and
BOEHRINGER INGELHEIM CORPORATION,

By: /s/ Thomas D. Goldberg
Thomas D. Goldberg (ct04386)
Bryan J. Orticelli (ct28643)
DAY PITNEY LLP
One Canterbury Green
Stamford, Connecticut 06901
(203) 977-7300
(203) 977-7301 (fax)
*tgoldberg@daypitney.com*
*borticelli@daypitney.com*

Their Attorneys

## CERTIFICATION

I hereby certify that on this date, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

/s/ Thomas D. Goldberg
Thomas D. Goldberg (ct04386)