IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

PHYSICIANS HEALTHSOURCE, INC., an )
Ohio corporation, individually and as the )
representative of a class of similarly-situated )
persons, )
)  Civil Action No.: 3:14 cv 405
                     Plaintiff, )
)
      v. )
)
BOEHRINGER INGELHEIM )
PHARMACEUTICALS, INC., )
BOEHRINGER CORPORATION, )
MEDICA, INC. and JOHN DOES 1-10, )
)
           Defendants. )

**PLAINTIFFS' REPLY IN SUPPORT OF IT'S MOTION**
**FOR CLASS CERTIFICATION AND FOR A TEMPORARY STAY OF FURTHER**
**PROCEEDINGS ON THAT MOTION**

Plaintiff, Physicians Healthsource, Inc., replies in support of its motion for class

certification, Dkt. 4, and states as follows:

## Introduction

Defendants Boehringer Ingelheim Pharmaceuticals, Inc. and Boehringer Ingelheim

Corporation filed their responsive objection to Plaintiff's motion for class certification and for a

temporary stay as Dkt. 21.  Defendant Medica, Inc. adopted the arguments in Dkt. 21 as Dkt. 24.

This reply responds to both.

As stated in the motion, Plaintiff made the class certification motion early for a

prophylactic purpose:  to avoid any controversy that might arise if Defendants were to make an

offer of judgment pursuant to Federal Rule of Procedure 68 for the full amount Plaintiff has

demanded on its individual claims prior to Plaintiff filing this class certification motion.  (Dkt.

1

4.)  Also in the motion Plaintiff identified the Circuit split and that the 2nd Circuit has yet to rule

on this issue.  (*Id.*)

**Argument**

**1.      Defendants' Agreement That Discovery Is Needed**

Defendants' Response has one point of agreement, that discovery is necessary before

deciding the issue of class certification.  (Dkt. 21, pg. 2.)

**2.      Defendants' Argument To Deny Without Prejudice**

Defendants rely upon *Physicians Healthsource, Inc. v. Purdue Pharma L.P.,* 2013 U.S.

Dist. LEXIS 127117 (D. Conn. Sept. 6, 2013) for precedent that a motion for class certification

filed early to avoid a Rule 68 Offer of Judgment should be denied pending discovery.  (Dkt. 24,

pgs. 3-4.) Plaintiff agrees that the *Purdue Pharma* decision is relevant, and even points to *3081*

*Main Street, LLC v. Business Owners Liab. Team LLC,* 2012 WL 4755048 (D. Conn. Sept. 24,

2012) for the same proposition.  But the District Courts in this Circuit are split on how to

proceed following the filing of a prophylactic motion for class certification.  *See Godson v.*

*Eltman, Eltman & Cooper, P.C.,* 285 F.R.D. 255, 261 (W.D. N.Y. 2012)(deferring motion for

discovery).  Plaintiff is also critically aware that the 2nd Circuit has yet to rule on the issue.  The

Circuit split also leaves open one foreseeable outcome that the 2nd Circuit could decide that

without the filing of a prophylactic motion for class certification that a Rule 68 Offer of

Judgment to an individual named plaintiff will defeat a class case.  Plaintiff can hardly be faulted

for, under an abundance of caution, bringing its certification motion.

**3.      Motion to Dismiss**

Defendants' Response touches on the motion to dismiss as if it were a forgone

conclusion.  It is not.  Plaintiff points out the obvious – there is no mystery or complicated issues

2

inherent in a TCPA faxing case.  Faxes were broadcast in mass, without regard to individualized issues, with the only differences among the class members being the different digits of their fax numbers and nothing else.

## **CONCLUSION**

The Circuit split leaves open that the 2nd Circuit could decide that without the filing of a prophylactic motion for class certification that a Rule 68 Offer of Judgment will defeat a class case.  Plaintiff's obligations to the Class require that without a clear rule on the issue, Plaintiff must file a prophylactic motion to protect the Class.  Defendants agree that discovery is needed before the motion for class certification is decided.  Plaintiff suggests the best course to protect the Class is to defer the motion for class certification as opposed to denying without prejudice to refile.  Of course a ruling from the Court or a stipulation from Defendants that any Rule 68 Offer of Judgment that is made is to be made for the entire Class and not just the named Plaintiff will also resolve this issue.

Plaintiff respectfully requests that this Court take this motion under submission, and stay any further activity on this motion until after the discovery cutoff date it sets in its scheduling order and after the parties can file papers informed by their discovery on this motion.

June 19, 2014                                  Respectfully submitted,

s/ Brian J. Wanca
Brian J. Wanca  PHV No. ct19532
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Tel:  (847) 368-1500
Email:  bwanca@andersonwanca.com

3

Aytan Y. Bellin, Esq. ct28454
BELLIN & ASSOCIATES LLC
85 Miles Avenue
White Plains, New York 10606
Tel: (914) 358-5345
Email: aytan.bellin@bellinlaw.com
Brian J. Wanca  (*pro hac vice pending*)
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Tel:  (847) 368-1500
Email:  bwanca@andersonwanca.com


Attorneys for Plaintiff and the Proposed
Class

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2014, I caused the foregoing to be electronically filed

with the Clerk of the Court using the CM/ECF system which will send notification of such filing

to the email addresses denoted on the Electronic Mail Notice List.


s/ Brian J. Wanca